IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| PREFIX INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 1:26-cv-1584 |
| v. | § | |
| | § | |
| PREFIX MAINTENANCE, INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, AND UNJUST ENRICHMENT**

Plaintiff PreFix Inc. brings this action under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and Texas common law for trademark infringement, unfair competition, and unjust enrichment. Plaintiff alleges as follows:

**PARTIES**

1.      Plaintiff PreFix Inc. ("PreFix") is a Delaware corporation with a principal place of business at 611 S. Congress Avenue, Suite 505, Austin, Texas 78704.

2.      Defendant Prefix Maintenance, Inc. ("PMI") is a Delaware corporation with a principal place of business at 580 5th Ave., Suite 820, New York, New York 10036-4762.  PMI may be served through its registered agent, Northwest Registered Agent, LLC, at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

**JURISDICTION AND VENUE**

3.      This Court has subject-matter jurisdiction over PreFix's federal claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over PreFix's related state-law claims under 28 U.S.C. § 1367(a).

4. This Court has personal jurisdiction over PMI due to its business activities in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because PMI is deemed to reside here under § 1391(c)(2).

**FACTS**

**A.    PreFix's Business and Its Trademarks**

6. PreFix provides home maintenance and management services, including repair services, preventative maintenance services, and the coordination and management of vendors and contractors.

7. PreFix offers its services under the distinctive marks PREFIX and HOME MAINTENANCE, HANDLED (the "PreFix Marks"), which it has used in commerce continuously since at least as early as 2015 and 2019, respectively.

8. The mark PREFIX is inherently distinctive and serves to identify and distinguish PreFix as the source of the services offered under that mark.

9. PreFix has advertised and promoted the mark PREFIX and has invested substantial time and money in advertising and promoting services offered under that mark.

10. PreFix has prominently used and promoted the mark PREFIX in various media in the manner customary for its business.

11. As a result of these efforts, the mark PREFIX has also acquired distinctiveness and become distinctive in the marketplace to designate PreFix, to distinguish PreFix and its offerings from those of others, and to distinguish the source or origin of PreFix's services. The consuming public in Texas and elsewhere in the United States recognizes and associates the mark PREFIX with PreFix.

2

12.     As a result of PreFix's use and promotion of the mark PREFIX, PreFix has acquired valuable common law rights in the mark PREFIX.

13.     The mark HOME MAINTENANCE, HANDLED is inherently distinctive and serves to identify and distinguish PreFix as the source of the services offered under that mark.

14.     PreFix has advertised and promoted the mark HOME MAINTENANCE, HANDLED and has invested substantial time and money in advertising and promoting services offered under that mark.

15.     PreFix has prominently used and promoted the mark HOME MAINTENANCE, HANDLED in various media in the manner customary for its business.

16.     As a result of these efforts, the mark HOME MAINTENANCE, HANDLED has also acquired distinctiveness and become distinctive in the marketplace to designate PreFix, to distinguish PreFix and its offerings from those of others, and to distinguish the source or origin of PreFix's services. The consuming public in Texas and elsewhere in the United States recognizes and associates the mark HOME MAINTENANCE, HANDLED with PreFix.

17.     As a result of PreFix's use and promotion of the mark HOME MAINTENANCE, HANDLED, PreFix has acquired valuable common law rights in the mark HOME MAINTENANCE, HANDLED.

18.     In accordance with the provisions of the Lanham Act, PreFix has registered the marks PREFIX and HOME MAINTENANCE, HANDLED on the Principal Register of the United States Patent and Trademark Office (the "PreFix Registrations"). The table below contains details for the PreFix Registrations.

3

| Mark | Reg. No. | Reg. Date | Services |
|---|---|---|---|
| PREFIX | 4823213 | Sep. 29, 2015 | [9] Electronic devices for monitoring and transmitting information regarding operation of home systems and appliances<br><br>[35] Home warranty services, namely, arranging for maintenance, repairs, and replacement by others of major home systems and appliances<br><br>[42] Software as a services (SAAS) services featuring software for use in monitoring of home systems and appliances, dispatching service providers to conduct repair, maintenance and replacement of home systems and appliances, and for customer relationship management |
| HOME MAINTENANCE, HANDLED | 6080142 | Jun. 16, 2020 | [37] Home repair services for major home systems and appliances that include monitoring major home systems and appliances for potential maintenance or repair issues and providing a single point of contact for home repairs; preventive maintenance services for major home systems and appliances; consultation in the field of repairing and maintaining home appliances; providing home repair information |

19.     The PreFix Registrations are valid and subsisting. True and correct copies of these registrations are attached as **Exhibit A**.

20.     The PreFix Registrations constitute *prima facie* evidence of: (a) the validity of the marks and registrations; (b) PreFix's ownership of the PreFix Marks; and (c) PreFix's exclusive right to use the PreFix Marks in connection with the goods and services specified in the registrations. 15 U.S.C. §§ 1057(b) and 1115(a). In addition, PreFix's registrations constitute constructive notice of PreFix's claim of ownership. 15 U.S.C. § 1072.

**B.      PMI's Infringement**

21.      Like PreFix, PMI offers repair services, preventative maintenance services, and the coordination and management of vendors and contractors.

22.      As early as 2022, PMI adopted and began using the infringing marks PREFIX and MULTI-SITE MAINTENANCE HANDLED (collectively, the "Infringing Marks") to advertise and offer its maintenance and repair services. A screenshot of PMI's website captured on April 17, 2026, shows the Infringing Marks in use:



**C.      Effects of PMI's Infringement**

23.      The infringing mark PREFIX is identical to PreFix's senior, federally registered mark PREFIX.

24.      The infringing mark MULTI-SITE MAINTENANCE HANDLED is nearly identical to PreFix's senior, federally registered mark HOME MAINTENANCE, HANDLED, except for the replacement of HOME with MULTI-SITE and the deletion of a comma.

25.      Given the similarity of the parties' marks, the overlap in their services, trade channels, and prospective customers, and PMI's use of the Infringing Marks in advertising and offering its services, PMI's conduct is likely to cause confusion, mistake, or deception as to affiliation, connection, or association with PreFix, or as to the origin, sponsorship, or approval of PMI's services by PreFix.

26.      Both parties offer repair and preventative maintenance services and coordinate service providers and contractors, such that consumers encountering PMI's use of the Infringing Marks are likely to believe the services originate with, are affiliated with, or are sponsored by PreFix.

27.      The parties market to overlapping customers seeking maintenance, repair, and related coordination services and do so through overlapping trade channels, increasing the likelihood that consumers will mistakenly associate PMI's services with PreFix.

28.      In addition to marketing directly to consumers, PreFix operates at a business-to-business level.  For example, PreFix has partnered with USAA, who pays PreFix to perform preventative maintenance and repairs on properties at numerous locations, and also offers its members access to PreFix's services.

6

29.     The parties promote their services through overlapping media channels, including online search and social-media advertising, where consumers are likely to encounter the parties' marks in close proximity.

30.     On information and belief, PMI was aware of PreFix and its PreFix Marks before choosing to adopt and use the Infringing Marks.

31.     As discussed below, PMI has continued using the infringing PREFIX mark despite receiving pre-suit notice from PreFix.

32.     PMI's use of the infringing mark damages PreFix's goodwill and reputation as the senior trademark user of the PreFix Marks.

33.     PMI's use of the Infringing Marks unfairly allows it to trade off and unjustly benefit from PreFix's goodwill and reputation.

34.     PMI's use of the Infringing Marks deprives PreFix of the ability to control the quality of the services offered under the PreFix Marks.

35.     PMI's use of the infringing mark PREFIX has caused actual confusion in the marketplace, including the following examples:

a.     On Friday, April 17, 2026, a PreFix customer contacted the CEO of PreFix to congratulate him on acquiring a new round of funding. The customer had seen a press release announcing investment in PMI and mistakenly believed that PreFix and PMI were the same company.

b.     When searching for "prefix commercial maintenance repair" using Google Search, Google's AI Overview's results conflate PMI and PreFix by referring to an "Austin-based facilities management platform dedicated to maximizing commercial, restaurant, and retail uptime

through vendor coordination, proactive asset tracking, and AI-powered efficiency" (screenshot below).



## D.    PreFix's Pre-Lawsuit Outreach

36.    Before filing this action, PreFix attempted to resolve the matter with PMI outside of court.

37.    Specifically, PreFix's counsel mailed a cease-and-desist letter to PMI's founder Jared Schwartzentruber on April 24, 2026.

38.    PMI's counsel responded with a letter on May 4, 2026.

39.    In its response, PMI agreed to phase out its use of MULTI-SITE MAINTENANCE HANDLED, but refused to cease its infringing use of the mark PREFIX.

40.    The parties exchanged another round of letters but were unable to resolve their dispute, making this case necessary.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114(1))

41. PreFix incorporates and re-asserts the allegations above.

42. PreFix owns federally registered rights in the distinctive PreFix Marks.

43. PreFix has priority over PMI through its senior use in commerce and through the PreFix Registrations.

44. PreFix has not given PMI authorization to use the Infringing Marks or any confusingly similar marks.

45. PMI's unauthorized use of the Infringing Marks is likely to cause confusion, to cause mistake, or to deceive.

46. PMI's conduct thus infringes PreFix's federally registered trademark rights in violation of 15 U.S.C. § 1114(1).

47. On information and belief, PMI adopted and continued using the Infringing Marks with knowledge of PreFix's rights or in reckless disregard of those rights, including by continuing to use the PREFIX mark after receiving PreFix's pre-suit notice. In light of that continued conduct, PreFix seeks all remedies available under 15 U.S.C. § 1117(a), including attorney's fees to the extent this case is determined to be exceptional.

## COUNT II: FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(A))

48. PreFix incorporates and re-asserts the allegations above.

49. PreFix owns enforceable common-law rights in the distinctive PreFix Marks.

50. PreFix has priority over PMI through its senior use in commerce.

51. PreFix has not given PMI authorization to use the PreFix Marks or any confusingly similar marks.

52.     PMI's unauthorized use of the Infringing Marks is likely to cause confusion, to cause mistake, or to deceive as to the parties' affiliation, connection, or association, and also as to the origin, sponsorship, or approval of PMI's services and commercial activities.

53.     PMI's conduct thus infringes PreFix's federal trademark rights in violation of 15 U.S.C. § 1125(a).

### COUNT III: COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

54.     PreFix incorporates and re-asserts the allegations above.

55.     PreFix owns enforceable common-law rights in the distinctive PreFix Marks under Texas law.

56.     PreFix has priority over PMI through its senior use in Texas.

57.     PreFix has not given PMI authorization to use the PreFix Marks or any confusingly similar marks.

58.     PMI's unauthorized use of the Infringing Marks is likely to cause confusion, to cause mistake, or to deceive.

59.     PMI's conduct thus infringes PreFix's trademark rights in violation of Texas common law.

### COUNT IV: COMMON LAW UNJUST ENRICHMENT

60.     PreFix incorporates and re-asserts the allegations above.

61.     PMI's unauthorized use of the Infringing Marks unjustly enables it to trade off of PreFix's goodwill, which has been built up through PreFix's great labor and expense.

62.     PMI's unauthorized use of the Infringing Marks allows it to gain acceptance for its services not solely on its own merits, but on the reputation and goodwill of PreFix.

63.    PMI's unauthorized use of the Infringing Marks unjustly enriches it at PreFix's expense, creates an undue advantage, and confers benefits that should belong solely to PreFix.

64.    PMI's conduct thus constitutes unjust enrichment under Texas common law.

65.    PMI's unauthorized use of the Infringing Marks threatens to impair PreFix's ability to control its reputation and the goodwill symbolized by the PreFix Marks, and PreFix lacks an adequate remedy at law for that ongoing harm.

**PRAYER**

PreFix asks the Court to:

a.    enter judgment finding for PreFix and against PMI on all of the claims in this complaint;

b.    preliminarily and permanently enjoin PMI—including its affiliated companies, franchisees, licensees, corporate entities, owners, officers, managers, founders, agents,

servants, employees, attorneys, and all other persons in active concert or participation with them—from all use of the Infringing Marks and any other confusingly similar marks;

c.   order PMI to remove and destroy any and all marketing (including social media marketing), advertisements, and signage bearing the Infringing Marks or any other confusingly similar marks;

d.   order PMI to file with this Court and to serve on PreFix, within 30 days after the entry of an injunction, a report in writing and under oath setting forth in detail the manner and form in which PMI has complied with the injunction;

e.   award PreFix the monetary relief to which it is entitled under 15 U.S.C. § 1117 and Texas law, including PMI's profits, any damages sustained by PreFix, the costs of this action, and any enhanced or exemplary relief the Court finds warranted;

f.   award PreFix its reasonable attorney's fees to the extent permitted by 15 U.S.C. § 1117(a) and other applicable law;

g.   award PreFix the costs of this action under 15 U.S.C. § 1117(a);

h.   award PreFix prejudgment and post-judgment interest; and

i.   award PreFix any other relief the Court may deem appropriate.

### JURY DEMAND

PreFix demands a jury trial on all issues triable by jury under Federal Rule of Civil Procedure 38.

Dated: June 11, 2026                    Respectfully submitted,


                                        /s/ Stephen P. Meleen
                                        Stephen P. Meleen
                                        Texas Bar No. 00795776

Robert A. Rhodes
Texas Bar No. 24116958
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, TX 78702
Telephone: (512) 322-5200
smeleen@pirkeybarber.com
rrhodes@pirkeybarber.com

*Attorneys for Plaintiff PreFix Inc.*

13